JAP:SK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

     - against -

ROY NAIM,

          Defendant.

- - - - - - - - - - - - -X

**13 M 815**

C O M P L A I N T

M. No. _____
(18 U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

         CHRISTOPHER M. McCLELLAN, being duly sworn, deposes and states that

he is a Special Agent with the United States Department of Homeland Security, Homeland

Security Investigations ("HSI"), duly appointed according to law and acting as such.

         On or about February 10, 2013, within the Eastern District of New York and

elsewhere, the defendant ROY NAIM did knowingly receive any visual depiction, the

production of such visual depiction having involved the use of one or more minors engaging in

sexually explicit conduct and such visual depiction was of such conduct, using any means or

facility of interstate or foreign commerce or that has been mailed, or has been shipped or

transported in or affecting interstate or foreign commerce or which contains materials which

have been mailed or so shipped or transported, by any means including by computer.

         (Title 18, United States Code, Section 2252(a)(2)).

         The source of my information and the grounds for my belief are as follows:[1]

---

[1]    Because the purpose of this complaint is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

1.     I have been employed as a Special Agent with the United States
Department of Homeland Security since 2003 and am currently assigned to the Child
Exploitation Group.   I am responsible for conducting and assisting in investigations into the
activities of individuals and criminal groups responsible for violations of criminal law relating
to the sexual exploitation of children.   I have gained expertise in the conduct of investigations
into the sexual exploitation of children, including child pornography, through training in
seminars, classes, and daily work related to conducting these types of investigations.   These
investigations are conducted both in an undercover and overt capacity.   I have participated in
the execution of multiple search warrants relating to child pornography offenses and the
subsequent prosecution of offenders.   As a result of my training and experience, I am familiar
with techniques and methods of operation used by individuals involved in criminal activity to
conceal their activities from detection by law enforcement authorities.   In addition, in carrying
out my responsibilities, I have investigated numerous cases involving child pornography and
reviewed thousands of images depicting the sexual exploitation of children (less than eighteen
years of age).   As a result of my training and experience, I am familiar with techniques and
methods of determining whether an individual is a child (less than eighteen years of age).

2.     I have personally participated in the investigation of the offenses
discussed below.   I am familiar with the facts and circumstances of this investigation from my
own personal participation in this investigation, my review of various documents, my training
and experience, and discussions I have had with other law enforcement personnel concerning
the possession, access with intent to view, transportation, receipt, distribution and reproduction
of child pornography.   Statements attributable to individuals herein are set forth in sum and
substance and in part.

## THE HSI INVESTIGATION

3.       Starting in or about early 2013, HSI initiated a joint investigation with the United States Postal Inspection Service into the possession, access with intent to view, transportation, receipt, distribution and reproduction of child pornography by an individual (the "Source") in the Eastern District of Louisiana.

4.       On or about May 15, 2013, a magistrate judge in the Eastern District of Louisiana issued a search warrant for a residence of the Source.   Later that day, federal agents executed the search warrant at the residence and seized, among other things, several computer-related items, including a server (the "Source's server"), containing child pornography.

5.       During the execution of the search warrant, federal agents encountered the Source, advised him of his Miranda rights, and proceeded to interview him.   The Source told federal agents that, over the span of approximately two years, he had enticed numerous children (typically, boys) between the ages of 13 and 17 to engage in sexually explicit conduct on the Internet.   The Source did this by using computer technology to falsely portray himself as a teenage girl and videoconference with children (typically, boys) through the Internet.   The Source used multiple online videoconferencing fora including Skype, Omegle, and Chatroulette.   During the videoconferencing sessions, the Source would entice the children (typically, boys) to engage in sexually explicit conduct on a web camera.   The Source recorded the videoconferencing sessions and distributed videos and images derived from these sessions to other individuals via the Source's server, several Internet websites (the "Source's Internet websites"), and email (the "Source Email").

6.       The Source provided consent for federal agents to search the contents of

4

the Source's Internet websites and the Source Email, an email address hosted by Google ("GOOGLE"), a company headquartered at 1600 Amphitheatre Parkway, Mountainview, California 94043.   Federal agents conducted a forensic review of the contents of the Source Email and observed that an individual using the electronic mail address brooklynfun123@gmail.com (the "TARGET EMAIL") received child pornography from the Source.   The TARGET EMAIL is a free electronic mail address hosted by GOOGLE.   The forensic review revealed multiple contacts between the Source Email and the TARGET EMAIL related to the enticement of children and production, possession, receipt, access with intent to view, and distribution of child pornography.

7.      On February 10, 2013, the user of the TARGET EMAIL received an email from the Source Email containing hyperlinks to permit the download of the electronic files "bow-x1.rar," "bow-x2.rar," and "bow-x9.rar," among others.   Based on my review of the Source's server, the Source's Internet websites, and the contents of the Source Email, "bow-x1.rar," "bow-x2.rar," and "bow-x9.rar," are references to the video files "bow-x1.avi," "bow-x2.avi," and "bow-x9.avi," respectively, located on the Source's server.   Federal agents have retrieved the below described still images derived from the video files "bow-x1.avi," "bow-x2.avi," and "bow-x9.avi," from the Source's server and they are available for the Court's review.

a.      The video file "bow-x1.avi" depicts, in sum and substance, three nude prepubescent boys who appear to be approximately 9-12 years of age.   In the video, the boys are masturbating each other and performing anal sex.

b.      The video file "bow-x2.avi" depicts, in sum and substance, two nude prepubescent boys who appear to be approximately 9-11 years of age.   In the video, the

boys are performing oral sex on each other.

        c.      The video file "bow-x9.avi" depicts, in sum and substance, two nude prepubescent boys who appear to be approximately 10-12 years of age.   In the video, the boys are performing anal sex and oral sex on each other.

        8.      Records obtained from GOOGLE in response to an administrative subpoena indicate that the TARGET EMAIL was created on November 10, 2008, and was primarily and repeatedly accessed from the IP address 173.2.162.205, including on February 10, 2013.   Those records also indicate that the TARGET EMAIL was last accessed on June 20, 2013 from the IP address 173.2.162.205.

        9.      Further investigation revealed that the IP address 173.2.162.205 is registered to Cablevision Systems Corporation ("Cablevision").   Records obtained from Cablevision in response to an administrative subpoena confirmed that the IP address 173.2.162.205 is owned by Cablevision.

        10.      Records obtained from Cablevision in response to an administrative subpoena indicate that the IP address 173.2.162.205 is associated with an address in Brooklyn, New York (the "RESIDENCE").   Those records also indicate that, as of August 16, 2013, the IP address 173.2.162.205 continued to be used in association with the RESIDENCE.

        11.      On September 18, 2013, Special Agents from the HSI and detectives from the New York Police Department's Computer Crimes Division executed a search warrant, issued on September 16, 2013 by Magistrate Judge Joan M. Azrack, at the RESIDENCE.

        12.      The defendant and others were present at the time when the search warrant was executed.   Agents provided a copy of the search warrant to the defendant.   The agents also informed the defendant that they were there to execute the search warrant and that

6

he was not under arrest.   The defendant was also told that any information he wanted to share

with the agents was strictly voluntary and that he did not have to speak to the agents if he did not

wish to do so.

        13.      The defendant subsequently advised the agents, in substance and in part,

that: (1) he had been actively viewing and downloading videos of child pornography for the

past several years; (2) he viewed and downloaded some of the child pornography from one of

the Source's Internet websites; and (3) a laptop computer in his possession contains videos of

child pornography.

        14.      During the execution of the search warrant on or about September 18,

2013, agents seized, among other items, a laptop computer, an iPhone, and an iPad.   A

preliminary forensic examination of the laptop computer revealed videos of child pornography.

Among the videos on the laptop computer were the video files "bow-x1.avi," "bow-x2.avi,"

and "bow-x9.avi" containing full videos including the still images described above.

7

WHEREFORE, your deponent respectfully requests that the defendant ROY

NAIM be dealt with according to law.

Christopher M. McClellan
Special Agent
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
18th day of September, 2013

THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK