UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-

ROY NAIM,
  also known as "Bill Howard,"

      Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**13-CR-660 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

  Defendant Roy Naim is charged in a superseding indictment with eight counts arising from Defendant's alleged use of his email accounts over an approximate fifteen-month period to pay for the production of, and otherwise request, sexually explicit images of young boys from a co-conspirator in Louisiana. (Superseding Indictment ("S-1") (Dkt. 22).) Pending before the court is the Government's pre-trial motion to admit evidence of Defendant's other acts—namely, his alleged other sexual exploitation and molestation of minors—pursuant to Federal Rules of Evidence 414 and 404(b), filed on November 17, 2014. (Gov't Mot. (Dkt. 57).) The other acts evidence includes entries from Defendant's diary and Defendant's online interactions with minors on Craigslist and Facebook. (Id. at 8-10.) Defendant filed a memorandum in opposition on November 21, 2014. (Def. Opp'n (Dkt. 64).) The Government filed a reply on November 24, 2014. (Gov't Reply (Dkt. 73).) For the following reasons, the Government's motion is DENIED without prejudice.

## I. CHARGED CONDUCT

Defendant is charged in a superseding indictment with eight counts: one count of conspiracy to sexually exploit a child, 18 U.S.C. § 2251(e); one count of sexual exploitation of a child, 18 U.S.C. § 2251(a); one count of attempted sexual exploitation of a child, 18 U.S.C. § 2251(e); four counts of receipt of child pornography, 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). (S-1.)

### A. Sexual Exploitation of John Doe 1

The Government represents that charges related to sexual exploitation of a child stem from Defendant's use of his email accounts to request and pay for the production of sexually explicit images of John Doe 1, a boy approximately 13-15 years of age, from Defendant's co-conspirator in Louisiana. (Gov't Mot. at 4.)

### B. Receipt of Child Pornography

Next, the Government represents that the charges related to receipt of child pornography stem from an email exchange between Defendant and his co-conspirator in which Defendant indicated that he had viewed three sexually explicit videos of various boys approximately 10-14 years of age. (Id. at 5.) Defendant allegedly later downloaded eight additional sexually explicit videos of various boys approximately 9-15 years of age. (Id. at 5-6.) Defendant later obtained one additional sexually explicit video of boys approximately 13-15 years of age. (Id. at 7.)

### C. Possession of Child Pornography

Finally, the Government represents that the charge related to possession of child pornography stems from a forensic analysis of Defendant's computer, which revealed the presence of the videos described above as well as three additional sexually explicit videos of boys approximately 12-14 years old. (Id.)

2

## II.   DEFENDANT'S OTHER ACTS

By its pending motion, the Government seeks to admit the following three categories of evidence of Defendant's alleged other sexual exploitation and molestation of minors.

### A.   Defendant's Diary

The Government represents that during the execution of a search warrant on Defendant's residence on September 18, 2013, law enforcement officers seized Defendant's diary. (Id. at 8.) In a series of diary entries dated December 6, 2010 to December 10, 2010, Defendant allegedly described his past sexual acts, dating back to 2003, including sexual contact with a male, inappropriate discussions with "a teen" at camp, interest in taking on fake personalities online, participation in sexual-related online chats and an exchange of sexually explicit photos with an individual who was "14ish," and other inappropriate contact with individuals over time, including one who was "14." (Id.)

### B.   Defendant's Interactions with Minors on Craigslist

Next, the Government represents that during the execution of a search warrant on the Defendant's emails, law enforcement officers seized emails in which Defendant expressed a sexual interest in minors he had met on Craigslist. (Id. at 9.) The Government proffers five emails, all dating from 2012, in which Defendant sought to exchange sexually explicit photos with boys approximately 15-17 years of age. (Id.)

### C.   Defendant's Interactions with Minors on Facebook

Finally, the Government represents that during the execution of a search warrant on Defendant's Facebook account, law enforcement officers seized Facebook messages in which Defendant expressed a sexual interest in minors. (Id. at 10.) The Government proffers five messages, dating from 2012 and 2013, in which Defendant discussed sexual activity and sought

3

to exchange sexually explicit photos and videos with minors. The Government does not identify the age of the minors. (Id.)

## III.  ADMISSIBILITY PURSUANT TO RULE 414

### A.  Legal Standard

Rule 414 provides: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414(a). Two defined terms are relevant in this case. As used in Rule 414(a), a "child" means a person under the age of 14, and "child molestation" means, among other things, "a crime under federal law . . . involving . . . any conduct prohibited by 18 U.S.C. chapter 110." See Fed. R. Evid. 414(d).

Notably, Rule 414 is an exception to the usual proscription against admission of prior crimes "to prove the character of a person in order to show action in conformity therewith." See Fed. R. Evid. 404(b). "Rule 414 permits evidence of other instances of child molestation as proof of, inter alia, a 'propensity' of the defendant to commit child molestation offenses." United States v. Larson, 112 F.3d 600, 604 (2d Cir. 1997).

Even where other acts evidence is admissible under Rule 414, a court must still consider the balancing test of Rule 403 to determine whether the evidence's "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See United States v. Davis, 624 F.3d 508, 512 (2d Cir. 2010); Larson, 112 F.3d at 604-05. In cases involving allegations of child molestation, however, "the legislative sponsors of Rule 414 expected that convictions within its ambit would normally be admitted and

4

that their prejudicial value would normally not be outweighed by the risk of prejudice." Davis, 624 F.3d at 512. Accordingly, the balancing test with respect to the question of prejudice is not whether the evidence is "highly prejudicial" but rather whether it is "unfairly prejudicial." United States v. Levy, 594 F. Supp. 2d 427, 439, 440 n.6 (S.D.N.Y. 2009), aff'd, 385 F. App'x 20 (2d Cir. 2012) ("'Unfair prejudice'. . . means an undue tendency to suggest decision on an improper basis commonly, though not necessarily, an emotional one." (quoting Fed. R. Evid. 403 advisory committee's note)).

**B.   Discussion**

The Government argues that evidence of Defendant's other acts of child molestation is presumptively admissible under Rule 414 because it meet all the requirements of the Rule: (1) Defendant is charged with child molestation offenses; (2) the other acts evidence is also evidence of offenses of child molestation; (3) the evidence is relevant; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. (Gov't Mot. at 15.)

There is no dispute that Defendant is charged with "child molestation" offenses as contemplated by Rule 414. (Id.) All charges against Defendant are brought pursuant to 18 U.S.C. §§ 2251 and 2252, and therefore involve conduct proscribed by 18 U.S.C. chapter 110. Accordingly, Defendant is charged with "child molestation" as contemplated by Rule 414(d)(2). Furthermore, the charged offenses involve boys of approximately 13-15, 10-14, 9-15, 13-15, and 12-14 years of age respectively. Although the exact age of each boy is not specified and varies by video, the majority of the boys easily fall within the definition of a "child" (defined as a person under the age of 14) within the meaning of Rule 414(d)(1).

The Government next argues that evidence of Defendant's other acts also consists of "child molestation," as contemplated by Rule 414. (Id. at 16.) The Government notes that the

5

evidence shows that Defendant conspired and attempted to engage in, and actually engaged in, the sexual exploitation of children and the receipt of child pornography by soliciting the production and receipt of sexually explicit pictures of underage boys.[1] (Id.)

The Government is correct that the other evidence fall within the definition of "child molestation" offenses as contemplated by Rule 414(d)(2). Chapter 110 prohibits, among other things, the production, receipt, distribution, and possession of child pornography, and any attempt or conspiracy to engage in such conduct, involving any minor under the age of eighteen. 18 U.S.C. §§ 2251-2252. Defendant's online interactions with minors on Craigslist and Facebook, and some of the entries from Defendant's diary, appear to fall within the proscription of this chapter, and thus constitute "child molestation" within the meaning of Rule 414(d)(2).[2]

There is a dispute between the parties, however, as to whether the other acts are admissible under Rule 414(d)(1), which defines a "child" as a person under age 14. Defendant argues that the Government's motion should be denied because the alleged other acts involve persons age 14 or older and therefore do not constitute molestation of a "child." (Def. Opp'n at 5.) Citing out-of-circuit precedent, the Government responds that the broader definition of "child molestation" in Rule 414(d)(2) by reference to 18 U.S.C. chapter 110 (which proscribes conduct involving minors under the age of 18) provides an alternative to the narrower definition of a "child" in Rule 414(d)(2) as a person under the age of 14. (Gov't Reply at 1 (citing United States v. Foley, 740 F.3d 1079, 1087 n.3 (7th Cir. 2014); United States v. Sturm, 673 F.3d 1274, 1284 (10th Cir. 2012).)

---

[1] The Government does not, however, identify the charges to which such conduct would correspond.
[2] Throughout his responsive brief, Defendant disputes that any of the proffered other acts ever occurred. (Def. Opp'n at 2, 4, 5.) Although Rule 414 makes no mention of the quantum of proof necessary to prove that the defendant committed the other acts, this is properly considered a question of conditional relevancy. See United States v. Brand, No. 04-CR-194 (PKL), 2005 WL 77055, at *5 (S.D.N.Y. Jan. 12, 2005), aff'd, 467 F.3d 179 (2d Cir. 2006); see also Huddleston v. United States, 485 U.S. 681 (1988). Accordingly, the Government is required to offer only enough evidence such that a reasonable juror could find that the defendant committed the other acts of child molestation. The court concludes that the Government's proffer satisfies the conditional relevancy standard.

6

It is apparent that Rule 414 is internally inconsistent, with the narrower definition of "child" (limited to those under the age of 14) in plain conflict with the broader definition of "child molestation" (which covers crimes against minors under the age of 18.) See 2 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:86 (4th ed. Supp. 2012); 23 Charles A. Wright & Kenneth W. Graham, Federal Practice and Procedure: Evidence § 5414A (1st ed. Supp. 2012). In contrast to the out-of-circuit case law cited by the Government, the Second Circuit has stated that Rule 414 by its terms "authorizes the admission of evidence of molestation only of persons under the age of 14." Larson, 112 F.3d at 604 (noting that for acts of molestation that continued after age 14 further analysis under Rule 404(b) would be necessary).

In this case, the Government's proffered evidence of other acts—including entries from Defendant's diary and his interactions with minors on Craigslist and Facebook—either expressly involves minors ages 14 and older or lacks any information about the age of the minors. Accordingly, under the Second Circuit's approach in Larson, such evidence is not admissible under Rule 414, and the court proceeds to review its admissibility under Rule 404(b).[3]

## IV. ADMISSIBILITY PURSUANT TO RULE 404(b)

### A. Legal Standard

Unlike the exception made in Rule 414, evidence of a crime, wrong, or other act generally "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Other act evidence is admissible, however, for purposes other than to show a defendant's criminal propensity, provided that the prosecutor "provide[s] reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial" and "do[es] so before trial—or

---

[3] Because the court concludes that Rule 414 is inapplicable in this case, the court does not consider the remaining questions of relevance and Rule 403 balancing under the modified approach pursuant to Rule 414.

7

during trial if the court, for good cause, excuses lack of pretrial notice." Fed. R. Evid. 404(b)(2); see also United States v. Kaiser, 609 F.3d 556, 570 (2d Cir. 2010). The Second Circuit "follow[s] an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403." United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) (quoting United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994)) (internal quotation marks omitted). The Second Circuit directs trial courts to conduct a four-part inquiry into the admissibility of other acts evidence under Rule 404(b), including whether: (1) an act was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) it is of probative value that is not substantially outweighed by its prejudicial effect; and (4) subject to an appropriate limiting instruction to the jury, if requested. United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003).

### B. Discussion

The Government argues that Defendant's other acts of sexual exploitation involving underage boys are admissible under Rule 404(b) to show Defendant's motive, knowledge, and intent. (Gov't Mot. at 18.) The Government seeks to admit this evidence in anticipation of certain defenses that it expects Defendant to raise. (Id. at 19.) The Government argues that the other acts are highly probative in countering "the defendant's expected defense that he lacked the requisite intent to commit the charged crimes because he had no sexual interest in underage boys." (Id. at 11.) The Government anticipates that Defendant will raise several variations of that defense, making the admission of other crimes necessary. (Id. at 19.)

Defendant's motive, knowledge, and intent are clearly proper purposes for which the other acts can be admitted under Rule 404(b). In addition, the proffered evidence of Defendant's

8

other acts is relevant to these permitted purposes. The diary entries, email exchanges, and Facebook messages demonstrate that Defendant's interest in obtaining explicit images of underage boys was for the purpose of sexual gratification. His diary entries also demonstrate an awareness of his actions and their effects on others. The other acts evidence therefore tends to demonstrate Defendant's motive, knowledge, and intent for soliciting child pornography, as charged in the various counts of the superseding indictment. See United States v. Brand, No. 04-CR-194 (PKL), 2005 WL 77055, at *5 (S.D.N.Y. Jan. 12, 2005), aff'd, 467 F.3d 179 (2d Cir. 2006) (images of child pornography and child erotica admissible under Rule 404(b) as evidence of defendant's intent in a prosecution for transportation of a minor for illegal sexual activity).

There is a dispute between the parties, however, as to whether that evidence would be admissible in the Government's case-in-chief. As Defendant correctly notes, even where evidence of other crimes may be used to show a person's knowledge or intent, usually such evidence may be admitted only after the defendant has asserted a state of mind defense, putting knowledge and intent at issue. See United States v. Colon, 880 F.2d 650, 660 (2d Cir. 1989). Still, such evidence is admissible during the Government's case-in-chief if it is apparent that the defendant will dispute the issue. Inserra, 34 F.3d at 90 (other acts evidence admissible in the government's case-in-chief because defense counsel put defendant's state of mind at issue when defense counsel, in his opening statement, argued there was an innocent explanation); United States v. Pitre, 960 F.2d 1112, 1120 (2d Cir. 1992) (other acts evidence admissible in the government's case-in-chief because Defendant's intent and knowledge were "clearly at issue" based on defense counsel's opening statement).

9

In this case, Defendant represents that he does not intend to raise the defenses that the Government anticipates, making the Government's motion premature. (Def. Opp'n at 6-7.) Defendant expressly denies any intention to make any of the five anticipated defenses that the Government alleges in its moving papers—that he: (1) did not have a sexual interest in underage boys; (2) never touched an underage boy inappropriately nor had the impulse to do so; (3) was on a mission to protect teenage boys from sexual predation on the internet; (4) acquired videos of John Doe 1 as a way of protecting John Doe 1; and (5) did not comprehend the boys in the videos to be real victims who were harmed. (Id. at 6-7; see also Gov't Mot. at 19.) Defendant further argues that he will "present no affirmative defense whatsoever to his possession and receipt of child pornography under Counts Four, Five, Six, Seven and Eight." (Def. Opp'n at 7.) However, Defendant is less clear about his defenses, if any, with respect to the first three counts. He merely states that "consistent with [the] plea bargaining posture," Defendant will rely on a "carefully delineated defense" that "Defendant did not conspire to sexually exploit a child (Count One), sexually exploit a child (Count Two), or attempt to sexually exploit a child (Count Three)." (Id.) Defendant invites the court to revisit the issue should he open the door by putting his state of mind at issue at trial. (Id.)

At present, the court credits Defendant's representation that he does not intend to put his motive or state of mind at issue at trial. While Defendant initially filed notice of intent to introduce expert evidence relating to his mental condition, which appeared to bear on his mental state (see Rule 12.2(b) Not. (Dkt. 36)), he has since withdrawn the notice and the offer of such testimony (see Dkt. 80). While Defendant may have intended to present an affirmative defense, as the Government anticipates, it may be that he has reconsidered his strategy. As a result, for the purpose of this decision, the court concludes that Defendant has not put his intent to commit

the charged crimes at issue at this time and that evidence of prior acts may not be admitted in the Government's case-in-chief, provided that he does not subsequently open the door by contesting these issues. Accordingly, the court denies the Government's motion without prejudice. If Defendant opens the door to his state of mind, prompting the admission of other acts evidence pursuant to Rule 404(b), the court will then decide whether the probative value of that evidence is substantially outweighed by the dangers identified in Rule 403. See Fed. R. Evid. 403. At present, this question is premature.

## V.   CONCLUSION

For the foregoing reasons, the Government's motion is DENIED without prejudice.

SO ORDERED.

                                                              s/Nicholas G. Garaufis
Dated: Brooklyn, New York                          NICHOLAS G. GARAUFIS
       December 1, 2014                            United States District Judge