# UNITED STATES DISTRICT COURT

Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ROY NAIM | ) **JUDGMENT IN A CRIMINAL CASE**<br>)<br>) Case Number: CR 13-0660 (S-1) (NGG)<br>) USM Number: 82751-053<br>) Arthur L. Aidala, Esq. & Michael L. Soshnick, Esq.<br>) Defendant's Attorney |

**THE DEFENDANT:**

X was convicted by jury verdict on COUNTS THREE (3), FOUR (4), FIVE (5), SIX (6), SEVEN (7) AND EIGHT (8) OF THE SUPERSEDING INDICTMENT (S-1).

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| SEE PAGE 2 OF JUDGMENT | | | |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The jury found the defendant not guilty on Counts One (1) and Two (2) of the Superseding Indictment (S-1).
X Any underlying Indictment is dismissed on the motion of the United States.
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.
☐ is dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 18, 2016
Date of Imposition of Judgment

s/Nicholas G. Garaufis
Signature of Judge

NICHOLAS G. GARAUFIS, U.S.D.J.
Name and Title of Judge

May 31, 2016
Date

AO 245B (Rev. 10/15) Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 9

DEFENDANT: ROY NAIM
CASE NUMBER: CR 13-0660 (S-1) (NGG)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e) | ATTEMPTED SEXUAL EXPLOITATION OF A CHILD | | 3 (S-1) |
| 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252 (b)(1) | RECEIPT OF CHILD PORNOGRAPHY | | 4 (S-1) |
| 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1) | RECEIPT OF CHILD PORNOGRAPHY | | 5 (S-1) |
| 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1) | RECEIPT OF CHILD PORNOGRAPHY | | 6 (S-1) |
| 18 U.S.C. § 2252(a)(2) and 18 U.S.C § 2252(b)(1) | RECEIPT OF CHILD PORNOGRAPHY | | 7 (S-1) |
| 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252(b)(2) | POSSESSION OF CHILD PORNOGRAPHY | | 8 (S-1) |

AO 245B (Rev. 02/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | |
|---|---|
| DEFENDANT: | ROY NAIM |
| CASE NUMBER: | CR 13-0660 (S-1) (NGG) |

Judgment — Page  3  of  9

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  ONE HUNDRED AND EIGHTY (180) MONTHS (CAG) ON COUNTS THREE (3), FOUR (4), FIVE (5), SIX (6) AND SEVEN (7) OF THE SUPERSEDING INDICTMENT (S-1) WHICH SHALL RUN CONCURRENTLY. ONE HUNDRED AND TWENTY (120) MONTHS (CAG) ON COUNT EIGHT (8) OF THE SUPERSEDING INDICTMENT (S-1) WHICH SHALL RUN CONCURRENTLY WITH COUNTS THREE, FOUR, FIVE, SIX AND SEVEN.

- [X] The court makes the following recommendations to the Bureau of Prisons:
  THE COURT RECOMMENDS THAT, IF CONSISTENT WITH BUREAU OF PRISONS POLICY AND PRACTICE, THE DEFENDANT BE DESIGNATED TO FCI FORT DIX, NEW JERSEY. THE BOP SHOULD TRY TO PLACE THE DEFENDANT WHERE HIS RELIGIOUS AND DIETARY REQUIREMENTS CAN BE ACCOMMODATED. THE BOP SHALL ALSO PROVIDE MENTAL HEALTH, SOCIAL SKILLS TRAINING AND ADEQUATE TREATMENT FOR HIS SPEECH AND HEARING DEFICITS. THE DEFENDANT SHALL PARTICIPATE IN AN EDUCATION OR VOCATIONAL TRAINING PROGRAM.

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
  - [ ] at _____  [ ] a.m.  [ ] p.m.  on _____ .
  - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ] before 2 p.m. on _____ .
  - [ ] as notified by the United States Marshal.
  - [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: ROY NAIM
CASE NUMBER: CR 13-0660 (S-1) (NGG)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : TEN (10) YEARS ON COUNTS THREE (3), FOUR (4), FIVE (5), SIX (6), SEVEN (7) AND EIGHT (8) OF THE SUPERSEDING INDICTMENT (S-1) WHICH SHALL RUN CONCURRENTLY.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change.
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

|  |  |
|---|---|
| DEFENDANT: ROY NAIM | Judgment—Page 5 of 9 |
| CASE NUMBER: CR 13-0660 (S-1) (NGG) | |

# SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL NOT POSSESS A FIREARM, AMMUNITION OR DESTRUCTIVE DEVICE;

2. THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM, WHICH MAY INCLUDE PARTICIPATION IN A TREATMENT PROGRAM FOR SEXUAL DISORDERS, AS APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF SUCH SERVICES RENDERED OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFENDANT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE PROBATION DEPARTMENT TO ASSESS HIS ABILITY TO PAY. AS PART OF THE TREATMENT PROGRAM FOR SEXUAL DISORDERS, THE DEFENDANT SHALL PARTICIPATE IN A POLYGRAPH EXAMINATION(S) TO OBTAIN INFORMATION NECESSARY FOR RISK MANAGEMENT AND CORRECTIONAL TREATMENT;

3. THE DEFENDANT SHALL NOT ACCESS ANY WEBSITE THAT: PERMITS PERSONS UNDER EIGHTEEN YEARS OF AGE TO BE REGISTERED USERS FOR THE PURPOSE OF ESTABLISHING PERSONAL RELATIONSHIPS WITH OTHER USERS; ALLOWS MINORS TO POST PROFILES THAT PROVIDE INFORMATION ABOUT THEMSELVES; OR ALLOWS FOR DIRECT OR REAL TIME COMMUNICATION WITH OTHER USERS, WITHOUT THE PERMISSION OF THE PROBATION DEPARTMENT;

4. AS A SEARCH CONDITION, THE DEFENDANT SHALL SUBMIT HIS PERSON, PROPERTY, HOUSE, RESIDENCE, VEHICLE, PAPERS, COMPUTERS (AS DEFINED IN 18 U.S.C. § 1030 (e)(1)), OTHER ELECTRONIC COMMUNICATIONS OR DATA STORAGE DEVICES OR MEDIA, OR OFFICE, TO A SEARCH CONDUCTED BY A UNITED STATES PROBATION OFFICER. FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION OF RELEASE. THE DEFENDANT SHALL WARN ANY OTHER OCCUPANTS THAT THE PREMISES MAY BE SUBJECT TO SEARCHES PURSUANT TO THIS CONDITION. AN OFFICER MAY CONDUCT A SEARCH PURSUANT TO THIS CONDITION ONLY WHEN REASONABLE SUSPICION EXISTS THAT THE DEFENDANT HAS VIOLATED A CONDITION OF HIS SUPERVISION AND THAT THE AREAS TO BE SEARCHED CONTAIN EVIDENCE OF THIS VIOLATION. ANY SEARCH MUST BE CONDUCTED AT A REASONABLE TIME AND IN A REASONABLE MANNER;

AO 245B (Rev. 02/16) Judgment in a Criminal Case
Sheet 4B — Probation

Case 1:13-cr-00660-NGG  Document 129  Filed 06/06/16  Page 6 of 9 PageID #: 1232

DEFENDANT: ROY NAIM
CASE NUMBER: CR 13-0660 (S-1) (NGG)

Judgment—Page 6 of 9

## SPECIAL CONDITIONS OF SUPERVISION

5. THE DEFENDANT IS NOT TO USE A COMPUTER, INTERNET CAPABLE DEVICE, OR SIMILAR ELECTRONIC DEVICE TO ACCESS PORNOGRAPHY OF ANY KIND. THE TERM "PORNOGRAPHY" SHALL INCLUDE IMAGES OR VIDEOS OF ADULTS OR MINORS ENGAGED IN "SEXUALLY EXPLICIT CONDUCT" AS THAT TERM IS DEFINED IN TITLE 18, UNITED STATES CODE, SECTION 2256(2). THE DEFENDANT SHALL ALSO NOT USE A COMPUTER, INTERNET CAPABLE DEVICE OR SIMILAR ELECTRONIC DEVICE TO VIEW IMAGES OF NAKED CHILDREN. THE DEFENDANT SHALL NOT USE HIS COMPUTER TO VIEW PORNOGRAPHY OR IMAGES OF NAKED CHILDREN STORED ON RELATED COMPUTER MEDIA, SUCH AS CD'S OR DVD'S, AND SHALL NOT COMMUNICATE VIA HIS COMPUTER WITH ANY INDIVIDUAL OR GROUP WHO PROMOTES THE SEXUAL ABUSE OF CHILDREN;

6. THE DEFENDANT SHALL ALSO COOPERATE WITH THE U.S. PROBATION DEPARTMENT'S COMPUTER AND INTERNET MONITORING PROGRAM. COOPERATION SHALL INCLUDE, BUT NOT LIMITED TO, IDENTIFYING COMPUTER SYSTEMS, INTERNET CAPABLE DEVICES, AND/OR SIMILAR ELECTRONIC DEVICES THE DEFENDANT HAS ACCESS TO, AND ALLOWING THE INSTALLATION OF MONITORING SOFTWARE/HARDWARE ON SAID DEVICES, AT THE DEFENDANT'S EXPENSE. THE DEFENDANT SHALL INFORM ALL PARTIES THAT ACCESS A MONITORED COMPUTER, OR SIMILAR ELECTRONIC DEVICE, THAT THE DEVICE IS SUBJECT TO SEARCH AND MONITORING. THE DEFENDANT MAY BE LIMITED TO POSSESSING ONLY ONE PERSONAL INTERNET CAPABLE DEVICE, TO FACILITATE THE PROBATION DEPARTMENT'S ABILITY TO EFFECTIVELY MONITOR HIS INTERNET RELATED ACTIVITIES. THE DEFENDANT SHALL ALSO PERMIT RANDOM EXAMINATIONS OF SAID COMPUTER SYSTEMS, INTERNET CAPABLE DEVICES, SIMILAR ELECTRONIC DEVICES, AND RELATED COMPUTER MEDIA, SUCH AS CD'S, UNDER HIS CONTROL;

7. THE DEFENDANT SHALL COMPLY WITH THE SEX OFFENDER REGISTRATION REQUIREMENTS MANDATED BY LAW;

8. THE DEFENDANT SHALL NOT HAVE CONTACT WITH THE VICTIM IN THE CASE. THIS MEANS THAT HE SHALL NOT ATTEMPT TO MEET IN PERSON, COMMUNICATE BY LETTER, TELEPHONE, OR THROUGH A THIRD PARTY, WITHOUT THE KNOWLEDGE AND PERMISSION OF THE PROBATION DEPARTMENT;

DEFENDANT: ROY NAIM
CASE NUMBER: CR 13-0660 (S-1) (NGG)

## SPECIAL CONDITIONS OF SUPERVISION

9. THE DEFENDANT SHALL PAY FOR THE VICTIM'S MENTAL HEALTH TREATMENT EXPENSES WHICH ARE INCURRED AS A RESULT OF THE OFFENSES;

10. THE DEFENDANT SHALL MAKE FULL FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT;

11. THE DEFENDANT WILL NOT ASSOCIATE WITH ANY CHILD(REN) UNDER THE AGE OF 18, UNLESS A RESPONSIBLE ADULT IS PRESENT AND HE HAS PRIOR APPROVAL FROM THE PROBATION DEPARTMENT;

12. THE DEFENDANT SHALL NOTIFY HIS EMPLOYER OF HIS COMPUTER RELATED OFFENSE, IF HIS JOB REQUIRES COMPUTER ACCESS WITH INTERNET CAPABILITY;

13. THE DEFENDANT IF DEPORTED MAY NOT RE-ENTER THE UNITED STATES ILLEGALLY.

DEFENDANT:        ROY NAIM
CASE NUMBER:   CR 13-0660 (S-1) (NGG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 600.00 | $ N/A | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**           $ _____          $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　　☐ fine　　☐ restitution.

　　☐ the interest requirement for the　　☐ fine　　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 9 of 9

DEFENDANT: ROY NAIM
CASE NUMBER: CR 13-0660 (S-1) (NGG)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** [X] special assessment of $ 600.00 due immediately, balance due

    [ ] not later than _____, or
    [ ] in accordance [ ] C, [ ] D, [ ] E, or [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Order of Restitution/Forfeiture:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.