UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

          -against-

ROY NAIM,

                    Defendant.

**MEMORANDUM & ORDER**
**13-CR-660 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court DENIES Defendant Roy Naim's motion for compassionate release. (Mot. for Comp. Rel. ("Mot.") (Dkt. 135).) Although Naim has exhausted his administrative remedies,[1] a procedural prerequisite for this court's consideration under 18 U.S.C. § 3582(c)(1)(A), his chronic health conditions, while unfortunate, are not "extraordinary and compelling" reasons for his release. *See* U.S.S.G. § 1B1.13(b)(1) (policy statement) (listing appropriate medical circumstances that qualify as "extraordinary and compelling" for compassionate release); *United States v. Robinson*, No. 21-1865-CR, 2022 WL 2204126, at *2-3 (2d Cir. June 21, 2022) (ruling that defendant's heart murmur and bradycardia did not constitute extraordinary and compelling reasons warranting relief); *United States v. Rivers*, No. 03-CR-1120 (FB), 2020 WL 5043931, at *1 (E.D.N.Y. Aug. 26, 2020) ("That [d]efendant is 72 and suffers from stable, albeit chronic, medical issues is insufficient to constitute 'extraordinary and compelling circumstances' for his release."); *United States v. Baker*, No. 97-CR-877 (DRH) (E.D.N.Y. Apr. 21, 2020) (ECF No. 346) (denying compassionate release for an 81-year-old suffering from heart

---

[1] Naim's request that the court deem the Government's failure to respond to his motion a waiver of its opposition is unfounded. *See United States v. Krasniqi*, No. 10-CR-464 (GHW), 2022 WL 16925215, at *3 (S.D.N.Y. Nov. 13, 2022) ("[T]hat the Government did not file an opposition to [the defendant's] [m]otion is not reasonably construed as a decision by the Government to consent to his early release.").

1

disease, diabetes, anemia, glaucoma, hypertension, angina, urinary incontinence, and chronic kidney disease); *United States v. Boney*, No. 22-CR-381 (MKB), 2025 WL 27475, at *5 (E.D.N.Y. Jan. 3, 2025) (collecting cases) ("Even serious but manageable medical conditions are insufficient to establish extraordinary and compelling reasons for granting compassionate release.").

The court is saddened to hear about the ill health of Naim's father, as described in his supplemental memorandum. (Supp. Mem. of L. ("Supp. Mem.") (Dkt. 137).) But the court does not find that Naim's release would aid in his father's care. *See* U.S.S.G. § 1B1.13(b)(3) (describing appropriate family circumstances that would warrant release). As Naim himself admits, upon his release he will be "transferred to ICE custody" and be deported to Israel. (Supp. Mem. at ECF p.2.) Thus, the court cannot be sure that granting his motion would even allow him to see his dying father.

For his mother's ailments, Naim writes in his letter to his warden that "admittedly, I am not the sole provider." (Mot. at ECF p.13.) As the policy statement only considers whether a defendant would be the "only available caregiver for the parent," this is plainly not a sufficient ground on which to grant his request. U.S.S.G. § 1B1.13(b)(3)(C).

Lastly, "[e]xtraordinary and compelling reasons alone . . . are insufficient to grant compassionate release." *United States v. Jaquez*, No. 17-CR-415 (PAC), 2021 WL 857364, at *3 (S.D.N.Y. Mar. 8, 2021). Where "the Court finds that the § 3553(a) factors weigh against compassionate release, [the defendant's] motion must be denied." *Id.*; *see United States v. Lisi*, 440 F. Supp. 3d 246, 252 (S.D.N.Y. 2020) ("Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.") (internal quotation omitted). Here, the Section 3553(a) factors weigh against compassionate release, due to the seriousness of Naim's offenses, the need to deter him

and others from engaging in similar conduct, and the fairness of his original sentence. *See United States v. Roney*, 833 F. App'x 850, 853 (2d Cir. 2020) (summary order) (holding that the district court did not abuse its discretion by weighing the Section 3553(a) factors in a similar case).[2]

The court appreciates Naim's efforts at self-improvement while in prison. (*See* Mot. at ECF pp.14-17.) However, his motion is DENIED.[3]

SO ORDERED.

Dated:    Brooklyn, New York
          May 4, 2026

                                         s/Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge

---

[2] The court has considered what Naim alleges to be disparities between his sentence and others similarly situated, but finds them meritless. (Mot. at ECF p. 10.) All the cases that Naim cites rely on COVID-19 as a factor, which courts in this district now decline to find an "extraordinary and compelling reason[] for compassionate release." *United States v. Martinez*, No. 03-CR-1049 (NGG), 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022).

[3] Naim represents that he will be released from prison on June 29, 2026; but his own Exhibits A and C state that his projected release date is September 13, 2026. (Mot. at ECF pp. 13, 18.)